## DAVID MAYER BREWING CO. v. MACK.

### (Supreme Court, Appellate Term.  May 15, 1908.)

INTOXICATING LIQUORS—LICENSES—NATURE.

 A license to traffic in intoxicating liquor is for the use of the licensee only, and rights under it cannot be transferred to another person without the consent of the state upon application made and an undertaking given as expressly provided by Liquor Tax Law, § 27, Laws 1897, p. 68, c. 112, and an agreement to pay the licensee for the "use" of such a license is void as against public policy.

 [Ed. Note.—For cases in point, see Cent. Dig. vol. 29, Intoxicating Liquors, §§ 108, 109.]

Appeal from Municipal Court, Borough of Bronx, Second District.

Action by the David Mayer Brewing Company against Herman Mack.  Judgment for plaintiff, and defendant appeals.  Modified and affirmed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and GREENBAUM, JJ.

Gustave Frey, for appellant.
William Klingenstein, for respondent.

GILDERSLEEVE, P. J. The complaint in this case sets forth two causes of action: The first, for the use and occupation of certain premises at an agreed price of $125; and the second for "the use of a certain liquor tax certificate legalizing the traffic in liquors on the premises described in the first cause of action." Upon the trial the plaintiff's representative testified that prior to June 20, 1907, the plaintiff took into its possession certain premises at 101st street and First avenue, and let them to the defendant for an agreed price of $125 per month, that defendant went into possession on June 20, 1907, and vacated said premises on July 3, 1907. It was not shown for what period of time the lease was made, but no claim for more than one month's rent is urged. This was disputed by the defendant, but the conflict of testimony was resolved in favor of the plaintiff, and there is no reason for disturbing that portion of the judgment. The plaintiff's representative also testified that the defendant promised to pay the sum of $100 "for the use of the license on the premises." The plaintiff was permitted to amend the complaint by claiming for rent, instead of for use and occupation and also by claiming that, "the license was part of the rent," whatever that may mean. The court gave judgment in favor of the plaintiff for the full sum of $225. The judgment for that amount cannot be sustained. In whose name the license for the traffic in liquors at the demised premises was taken does not appear, but clearly it was not in the name of the defendant. The plaintiff could not rent the license, as such license was a right given to the licensee only, and its use or the right to traffic in liquors under it could not be transferred to another person without the consent of the state upon application duly made and an undertaking given. Liquor Tax Law, Laws 1896, p. 68, c. 112, § 27. The defendant was not protected from prosecution from illegally trafficing in liquors by the use of a license issued to another person, and its "use" could be of no value to him, nor can the plaintiff recover for the same, as an agreement to pay for such use would be void as against public policy.

Judgment modified by reducing amount of recovery to the sum of $125, and, as modified, affirmed, without costs to either party on this appeal. All concur.